14-1664-cv
*In re:* Lululemon Securities Litigation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:  PIERRE N. LEVAL,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

-------------------------------------------------------------------

*IN RE:* LULULEMON SECURITIES LITIGATION

-------------------------------------------------------------------

LOUISIANA SHERIFFS' PENSION & RELIEF FUND,

    *Plaintiff-Appellant,*

      v.         No. 14-1664-cv

LULULEMON ATHLETICA INC., DENNIS J. WILSON, CHRISTINE McCORMICK DAY,

*Defendants-Appellees.*[*]

------------------------------------------------------------------

FOR APPELLANT: ROBERT D. KLAUSNER, Klausner, Kaufman, Jenson & Levinson, Plantation, FL (Hannah G. Ross, Jai Chandrasekhar, Katherine M. Sinderson, Bernstein Litowitz Berger & Grossmann LLP, New York, NY, *on the brief*).

FOR APPELLEES: JOSEPH S. ALLERHAND (Caroline Hickey Zalka, Melanie A. Conroy, Robert S. Ruff III, *on the brief*), Weil, Gotshal & Manges LLP, New York, NY, *for* Lululemon Athletica Inc. and Christine McCormick Day.

AUDRA J. SOLOWAY (Michele Hirshman, Brette Tannenbaum, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for* Dennis J. Wilson.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Louisiana Sheriffs' Pension & Relief Fund (the Fund) appeals from the District Court's dismissal of its consolidated class action complaint for failure to state a claim under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. The Fund alleged that Lululemon Athletica Inc., its founder and former chairman Dennis Wilson, and

---

[*] The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

its former CEO Christine Day materially misrepresented to investors the quality of Lululemon's popular black luon yoga pants and the degree to which Lululemon implemented controls to prevent or minimize product quality deficiencies. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

For substantially the reasons provided by the District Court in its April 18, 2014, opinion and order, we conclude that the Fund has failed adequately to plead that any of the statements attributed to the defendants were materially misleading at the time that they were made. See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 812 (2d Cir. 1996). Insofar as the defendants are alleged to have omitted information from Lululemon's corporate website, filings with the SEC, press releases, or investor calls, the Fund has failed adequately to plead with particularity that these omissions rendered the defendants' statements "inaccurate, incomplete, or misleading" or that the defendants were otherwise under a duty to disclose such information.[1] Stratte-McClure v. Morgan Stanley, 776 F.3d 94, 101 (2d Cir. 2015) (quotation marks omitted). Because the Fund has not adequately alleged any relevant material misrepresentations or omissions, we agree with the District Court that it failed to state a claim for securities fraud under § 10(b) or Rule 10b-5. See Starr ex rel. Estate of Sampson v. Georgeson Shareholder, Inc., 412 F.3d 103, 109 (2d Cir. 2005). The District Court therefore also did not err in dismissing

---

[1] Indeed, in at least one of its SEC filings, Lululemon disclosed the possibility of product quality deficiencies and the potential adverse financial impact of these deficiencies, should they arise.

the Fund's claim of control person liability pursuant to § 20(a) of the Exchange Act.  See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007).

We have considered the Fund's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court